■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE SEPOS, Appellant.— Order unanimously reversed and matter remitted to Monroe County Court for a hearing. Memorandum: The appellant alleges that while he was being interrogated by the State Police about a robbery, four newspaper reporters and three television cameramen were present; that he was made to pose for sound motion picture cameras with the stolen money bag allegedly taken in the hold-up; that thereafter the television commentators related the crime, arrest and interrogation as the television screen showed these incidents. While we make no comment on the right of freedom of the press or the permissible limits of the newsmen's endeavors, we think, if the allegations of the petition are true, that the active participation by law enforcement officers in the events alleged to have occurred was reprehensible, shocking and difficult to understand in a civilized, lawful community. Therefore, we are remitting this matter for a hearing to determine whether these events occurred and, if so, who was responsible for and who participated, and to determine whether the television coverage depicting the defendant in unfavorable circumstances jeopardized or in any way prejudiced his rights to a fair and impartial disposition of his case. (Appeal from order of Monroe County Court, denying without a hearing motion to vacate a judgment of conviction for grand larceny, first degree, rendered March 9, 1961.) Present — Williams, P. J., Bastow, Henry, Noonan and Del Vecchio, JJ.

■ HARRY DARLING et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 34041.) — Judgment affirmed, with costs. All concur, except Williams, P. J., who dissents and votes to reverse and to dismiss the claim. (Appeal from judgment of Court of Claims for claimants.) Present — Williams, P. J., Bastow, Henry, Noonan and Del Vecchio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. STERLING SCHOONOVER, Appellant.— Order unanimously affirmed. Williams P. J., concurs in the following memorandum: There is nothing in the petition to show or indicate that at the time defendant was being questioned and up to the time he signed the so-called confession, he requested counsel. (Appeal from order of Chautauqua County Court, denying, without a hearing, motion to vacate a judgment of conviction for grand larceny, first degree, rendered February 20, 1950.) Present — Williams, P. J., Bastow, Henry, Noonan and Del Vecchio, JJ.

■ SALVATORE GRAZIANO, Appellant, v. HIRES TURNER GLASS COMPANY, Respondent.— Judgment reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: This record presented a factual issue to be passed upon by a jury. All concur, except Henry, J., who dissents and votes to affirm. (Appeal from a judgment of Monroe Trial Term dismissing the complaint on the merits in an automobile negligence action.) Present — Williams, P. J., Bastow, Henry, Noonan and Del Vecchio, JJ.

■ In the Matter of HARRY L. ALPERT, Appellant. DISTRICT ATTORNEY OF OSWEGO COUNTY et al., Respondents.— Appeal unanimously dismissed, without costs on the ground that the order is not appealable. (Appeal from order of Oswego Special Term which denied petitioner's application for a physical examination of Leonore Marie Custodero and the alternative relief to suppress certain evidence.) Present — Williams, P. J., Bastow, Goldman, Noonan and Del Vecchio, JJ.